UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD VARCADIPANE,

   Plaintiff,

   v.

BUCKMAN and CANNABERRY

   Defendants.

CAUSE NO. 3:20-CV-185-DRL-MGG

OPINION & ORDER

Leonard Varcadipane, a prisoner without a lawyer, filed a complaint alleging two correctional officers used excessive force against him at the Indiana State Prison on April 21, 2019. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Varcadipane alleges that while handcuffed and not resisting, Sergeant Buckman held him as Sergeant Cannaberry punched him several times in the face and jaw. Then Sergeant Buckman pulled on his cuffs and injured his left hand/wrist. Finally, they threw him down the stairs. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline,

but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, the complaint plausibly alleges these officers used excessive force in violation of the Eighth Amendment.

Mr. Varcadipane alleges Sergeant Buckman and Sergeant Cannaberry then denied him medical treatment for two days. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Though it is unclear how they prevented other employees at the prison from having access to him for two days, he will be granted leave to proceed on a claim for a denial of medical treatment.

Finally, Mr. Varcadipane names Warden Ron Neal as a defendant. However, the complaint does not mention Warden Neal in the body of the complaint. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone

else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, Warden Neal must be dismissed.

For these reasons, the court:

(1) GRANTS Leonard Varcadipane leave to proceed against Sergeant Buckman and Sergeant Cannaberry their individual capacities for compensatory damages for using excessive force against him on April 21, 2019, in violation of the Eighth Amendment;

(2) GRANTS Leonard Varcadipane leave to proceed against Sergeant Buckman and Sergeant Cannaberry their individual capacities for compensatory damages for denying him medical treatment for two days after they used excessive force against him on April 21, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Ron Neal;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant Buckman and Sergeant Cannaberry at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 4) as required by 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if they have such information; and

(7) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), Sergeant Buckman and Sergeant Cannaberry to respond, as provided for in the Federal Rules of Civil Procedure and N.D.

Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 12, 2020                             *s/ Damon R. Leichty*
                                                                  Judge, United States District Court