UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD VARCADIPANE,

    Plaintiff,

    v.                                     CAUSE NO. 3:20-CV-185-DRL-MGG

BUCKMAN, et al.,

    Defendants.

OPINION AND ORDER

Leonard Varcadipane, a prisoner without a lawyer, is proceeding in this case on two Eighth Amendment claims against Sergeant Buckman and Sergeant Cannaberry "for using excessive force against him on April 21, 2019," and "for denying him medical treatment for two days after they used excessive force against him on April 21, 2019[.]" ECF 9 at 3. On February 2, 2021, the defendants filed a summary judgment motion arguing Mr. Varcadipane did not exhaust his administrative remedies before filing suit. ECF 17. With the motion, the defendants provided Mr. Varcadipane the notice required by N.D. Ind. L.R. 56-1(f). ECF 19. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."

This deadline passed over four months ago, but Mr. Varcadipane has not responded. Therefore the court will now rule on the motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). Because Mr. Varcadipane has not responded to the defendants' summary judgment motion, he has not properly addressed their assertions of fact and the court accepts these facts as undisputed:

1. Plaintiff, Leonard Varcadipane, IDOC number 974411, was incarcerated by IDOC at Indiana State Prison for the relevant period. (Ex. A, ¶ 8.)

2. An offender grievance program is in place at Indiana State Prison. (Ex. A, ¶ 5.) The grievance program is intended to promote prompt and effective resolution of a broad range of issues or complaints offenders may have. (Ex. A, ¶ 6.)

3. The grievance procedure which was in place during the relevant time frame is the Offender Grievance Process, Policy and Administrative Procedure 00-02-301, effective October 1, 2017 ("Grievance Process"). (Ex. A, ¶¶ 9-10; Ex. B, pg. 1.)

4. The Grievance Process is made available to Plaintiff at Indiana State Prison's law library. (Ex. A ¶ 22.)

5. The Grievance Process begins with the informal resolution process. (Ex. A ¶ 11, Ex. B, pg. 8-9.) The offender is encouraged to resolve his complaint informally by contacting an appropriate staff member prior to submitting a formal grievance. *Id*.

6. Upon completing the informal stage, the offender is next required to progress through the formal levels. The formal grievance process consists of three steps, in the following order:

   a) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolution;

   b) A written appeal to the Warden/designee; and

   c) A written appeal to the Department Grievance Manager. (Ex. A ¶ 12; Ex. B, pp. 9-13.)

7. The successful exhaustion of the grievance process requires an offender to timely complete each step or level of the Offender Grievance Process. (Ex. A, ¶ 13.) An offender must use the proper grievance form within the timeframe outlined in the Offender Grievance Process. *Id*.

8. An attempt at informal resolution followed by the submission of a formal offender grievance, an appeal of that formal grievance to the Warden/designee, and a written appeal to the Department Grievance Manager are each necessary steps that must be completed before the grievance process is exhausted. (Ex. A, ¶ 14.)

9. Grievable issues include, but are not limited to, staff treatment, actions of individual staff, medical care, and any other concerns relating to conditions of care or supervision within the IDOC. (Ex. A, ¶ 19.)

10. The Grievance Process provides that an "an offender wanting to submit a grievance on an issue that he/she has been unable to resolve informally must complete State Form 45471, "Offender Grievance," no later than ten (10) business days from the date of the incident giving rise to the complaint". (Ex. A, ¶ 29; Ex. B at 9.)

11. IDOC records indicate that Plaintiff attempted to submit one formal grievance regarding the alleged excessive force claim and denial of

3

medical care claim on May 12, 2019, which was received by Indiana State Prison's Grievance Office on March 17, 2020. (Ex. A, ¶ 26; Ex. C at 2-5.)

12. It is very unlikely that an attempted formal grievance would take ten (10) months to arrive at the Grievance Office. Thus, it is reasonable to assume that Plaintiff backdated his formal grievance upon submission sometime in mid-March 2020. (Ex. A, ¶ 27.)

13. Even assuming that the purported submission date of May 12, 2019 is correct, the attempted formal grievance was still submitted in excess of the ten (10) business day limit following the incident. (Ex. A, ¶ 28; Ex. B at 9.)

14. If an incident occurred on Sunday, April 21, 2019, then the latest possible date in which Plaintiff ostensibly could have submitted a formal grievance in association with the conduct was Friday, May 3, 2019. (Ex. A, ¶ 30; Ex. B at 9.)

15. Being purportedly submitted only on Sunday, May 12, 2019, the attempted formal grievance was submitted in excess of the requisite ten (10)-day period. (Ex. A, ¶ 31.)

16. IDOC has no record of any further formal grievances being submitted to the Grievance Office in relation to these claims. (Ex. A, ¶ 32.)

17. IDOC has no record of any grievance appeals being submitted to the Grievance Office in relation to these claims. (Ex. A, ¶ 33.)

18. Plaintiff's Grievance History does not contain any accepted or logged grievances in association with the claims he brings in this lawsuit. (Ex. A, ¶ 34; Ex. C at 1.)

ECF 18 at 2-5 (citations in original).

Prisoners are prohibited from bringing an action in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to

4

exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, the undisputed facts show Mr. Varcadipane did not timely file any formal grievances about the issues in this case, and the only grievance he filed was rejected as untimely. ECF 18-3 at 2. Moreover, there is no evidence the administrative process was made unavailable to him. As a result, Mr. Varcadipane did not exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 17);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Mr. Varcadipane.

SO ORDERED.

July 20, 2021                                             *s/ Damon R. Leichty*
                                                         Judge, United States District Court